The petitioner seeks review pursuant to General Statutes 51-164x[1] of an order of the trial court (O'Donnell, J.) excluding the press and the public from the courtroom during a proceeding preliminary to the trial of the defendant upon an indictment charging him with murder and kidnapping. The defendant had filed a motion in limine seeking orders to prohibit the state from introducing at the trial evidence of prior felony convictions of the defendant, police photographs or "mug shots" of him, and evidence of acts of prior criminal misconduct on his part unrelated to the charges being tried. The state, in responding to a previous motion for disclosure by the defendant, had indicated that it would attempt to introduce such evidence at the trial. That response, which contained material claimed by the defendant to be prejudicial, was sealed at his request after it had been filed. In its discretion the trial court elected to hear the motion in limine before commencing trial.
At the hearing the state declared that it had no intention of offering any "mug shots" and that, if its position should change at the trial, a preliminary hearing outside the presence of the jury would be requested. The defendant then requested that the *Page 629 
hearing upon the remaining parts of his motion be closed. The state took no position on this request. A reporter from the petitioner publishing company did object, however, and no action was taken on the request for closure until the attorney for the company arrived and was given an opportunity to argue its objection.[2]
During the argument of the request for closure of the hearing on the unresolved portions of the defendant's motion in limine, the defendant made an additional request that the court be closed during any further discussion or presentation of evidence on the request for closure. The trial court, concluding that the revelation of prejudicial material during the course of determining whether closure should be granted would defeat the purpose of the request, proceeded to order that the courtroom be closed for the limited purpose of hearing "the evidence which is being proffered." This reference to the evidence may have related to an offer of the defendant to present the circulation figures for the petitioner's newspaper, census information for the towns of Hartford and New Britain, earlier publicity about the case involved and the policy of newspaper publishers with respect to printing material disclosed at pretrial proceedings attended by their reporters. The court also ordered a stay to provide the petitioner an opportunity to seek review of its closure order in accordance with General Statutes 51-164x.
In Gannett Co. v. DePasquale, 443 U.S. 368,99 S.Ct. 2898, 61 L.Ed.2d 608 (1979), the Supreme Court of the United States held that the sixth amendment guarantee of a "public trial" provided no right for the press or the public to attend pretrial hearings in criminal cases. Justice Powell, whose concurrence was essential to form the majority, found a first *Page 630 
amendment right of access to such proceedings, "limited both by the constitutional right of defendants to a fair trial ... and by the needs of government to obtain just convictions and to preserve the confidentiality of sensitive information and the identity of informants." Gannett Co. v. DePasquale, supra, 398. In delineating a standard to be followed in deciding whether a pretrial suppression hearing should be closed, Justice Powell stated that the test is "whether a fair trial for the defendant is likely to be jeopardized by publicity, if members of the press and public are present and free to report prejudicial evidence that will not be presented to the jury." Id., 400. He also indicated that it was "the defendant's responsibility as the moving party to make some showing that the fairness of his trial likely will be prejudiced by public access to the proceeding." Id., 401.
Although more burdensome requirements for closure during the actual trial of a case were later established in Richmond Newspapers v. Virginia, 448 U.S. 555, 100 S.Ct. 2814,65 L.Ed.2d 973 (1980), it is clear that the court intended to preserve the distinction which it has made between trials and pretrial proceedings with regard to access by the press or public. We therefore reject the contention of the petitioner that the Richmond standards are applicable to pretrial proceedings under the current state of the law.
It appears that the trial court was attempting to follow the standard articulated by Justice Powell in Gannett by requiring the defendant to show the likelihood of prejudice to his right to a fair trial. We agree that that standard is applicable. The terms of the order articulated from the bench, however, impose a broader restriction upon access by the press and public than the record before us would justify. The order would require closure during the presentation of the evidence offered by the defendant in *Page 631 
respect to such matters as newspaper circulation, prior publicity and publishing policies. There is no reason to suppose that public exposure of any of these matters would result in prejudice to the defendant and we would overturn the closure order insofar as it pertains to them.
With respect to the material to which the defendant's motion in limine was addressed, we agree with the trial court that until it has been determined that the revelation of this material would not prejudice the defendant's right to a fair trial, such material should not be disclosed.
It may be possible to conduct a large part of the proceeding relating to the determination of whether closure should be invoked without any specific reference to the material which the defendant is seeking to suppress. This may be accomplished by following a procedure similar to that set forth in 753 of the Practice Book, which allows the trial court to examine the statements of witnesses without disclosing them to the public. Only where it appears that the defendant could not effectively argue his position without disclosure of the prejudicial material involved would closure of such portions of the proceeding be justified. In the event that any portion of the proceeding is closed, the transcript of the closed proceeding should be made available to the press at the earliest time that doing so would not jeopardize the defendant's right to a fair trial. We approve of the portion of the order of the trial court pertaining to making the transcript available in this manner.
 The order of closure is set aside and matter is remanded for further proceedings not inconsistent with this opinion.
In this opinion DALY and BIELUCH, Js., concurred.